**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Josue Guzman,<br><br>    Plaintiff,<br><br>v.<br><br>Phoenix Police Department, et al.,<br><br>    Defendants. | No. CV-21-00125-PHX-DWL (ESW)<br><br>**ORDER** |

The Court has considered Plaintiff's Motion for Leave to File Exhibit 15 in Support of Plaintiff's Motion to File a Copy of a Proposed Fourth Amended Complaint (Doc. 183). Plaintiff's Motion (Doc. 183) is untimely. Because the Court denied Plaintiff's Motion to File a Copy of a Proposed Fourth Amended Complaint (Doc. 182), the Court will deny as moot Plaintiff's Motion for Leave to File Exhibit 15 in Support of Plaintiff's Motion to File a Copy of a Proposed Fourth Amended Complaint (Doc. 183).

Plaintiff also has filed a third Motion for Appointment of Counsel (Doc. 165) to which the Defendants have responded (Doc. 176). In support of Plaintiff's third Motion for Appointment of Counsel, Plaintiff states that: (i) he is homeless and proceeding in forma pauperis, (ii) he is in prison, and (iii) presenting evidence at trial and preparing for trial will be difficult without counsel.

As the Court has explained, there is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury,* 939 F.2d 820, 824 (9th Cir.

1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). In pro se and in forma pauperis proceedings, district courts do not have the authority "to make coercive appointments of counsel." *Mallard v. United States District Court*, 490 U.S. 296, 310 (1989). District courts, however, do have the discretion to request that an attorney represent an indigent civil litigant upon a showing of "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Agyeman v. Corrections Corp. Of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A determination with respect to exceptional circumstances requires an evaluation of the likelihood of success on the merits as well as the ability of Plaintiff to articulate his claims pro se in light of the complexity of the legal issue involved. *Id.* "Neither of these factors is dispositive and both must be viewed together before reaching a decision." *Id.* (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has failed to set forth exceptional circumstances warranting the appointment of counsel in his civil case. For the reasons set forth in the Court's Orders denying Plaintiff's previous Motions to Appoint Counsel (Docs. 86, 95), the Court will deny Plaintiff's Motion to Appoint Counsel (Doc. 165).

For the reasons set forth herein,

IT IS ORDERED denying Plaintiff's Motion for Leave to File Exhibit 15 in Support of Plaintiff's Motion to File a Copy of a Proposed Fourth Amended Complaint (Doc. 183).

IT IS FURTHER ORDERED denying Plaintiff's third Motion for Appointment of Counsel (Doc. 165). Dated this 5th day of June, 2023.

Honorable Eileen S. Willett
United States Magistrate Judge